COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-08-490-CV

 

 

ANGELA RACHELL MARTIN                                                              APPELLANT

 

                                                             V.

 

TRAVIS RYAN MARTIN                                                                        APPELLEE

 

                                                       ------------

 

              FROM
THE 322ND DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

In five
issues, Appellant Angela Rachell Martin complains about the trial court=s order
enforcing the agreed divorce decree that both she and Appellee Travis Ryan
Martin signed and requiring her to sign a special warranty deed reserving for
herself only a one-twelfth (1/12) mineral interest in the property known as Athe
Ranch.@  Because we hold that the trial court did not
abuse its discretion, we affirm the trial court=s order.








The trial
court signed a divorce decree on May 22, 2007, awarding Travis A[a]ny and
all OF THE PARTIES[>] interest in the property known
as >The Ranch=@ and A[a]ny and
all OF THE PARTIES[>] mineral interest, in the
property known as >The Ranch= . . . , save
and except those interest[s] awarded to ANGELA . . . herein.@  The words AOF THE
PARTIES@ in both
paragraphs are handwritten and initialed by both parties, their attorneys, and
the trial judge.

The
decree awarded Angela A[a] portion of the mineral
interest, in the property known as >The Ranch= . . . ,
more specifically described as a 1/6 undivided mineral interest in the
entire 107 acres in which the parties own an interest which mineral interest
shall be reserved in the special warranty deed from wife to husband and his
parents.@ 
[Emphasis added.]  The italicized
portion of the previous sentence is handwritten and initialed by the parties,
their attorneys, and the trial judge. 
The decree does not specify the extent of the parties=
ownership in Athe entire 107 acres.@  We have no record of an appeal of the divorce
decree.  








After a
post-divorce enforcement hearing that was not recorded, the trial court signed
a November 24, 2008 order granting Travis=s motion
and ordering Angela to sign a special warranty deed conveying to Travis, in
relevant part, A[a]ll of [her] right, title and
interest in and to . . . 107.123 acres of land out of the WRIGHT WILLIAMS
SURVEY, A-574, Hood County, Texas, and being that same tract of land as
described in Volume 1519, Page 114 of the Deed Records of Hood County, Texas@ except Aan
undivided ONE TWELFTH (1/12th) interest in and to all of the oil, gas, and
other minerals in, on, and under the subject land.@

At our
direction, the trial court entered a clarification order, which provides,

1.       On September 24, 2008,
the Court held a hearing at the bench on Travis Martin=s Second Amended Motion to
Sign Special Warranty Deed.  At the
hearing, the Court questioned the parties= attorneys about the interest in the 107.123 acres
that was owned by Travis and Angela Martin prior to the Decree of Divorce.  The parties agreed that Angela and Travis
owned at most a one-half (1/2) interest in the surface and mineral estate of
the entire 107.123 acres.

 

2.       Given the parties= representation of
ownership, the Court reviewed the Decree of Divorce, the contents of the court=s file, the pleadings
related to Travis Martin=s Motion to Sign, the
proposed order, and the proposed warranty deed. 
Based on the foregoing, the Court interpreted the Decree of Divorce with
John Clark=s (Angela=s attorney) handwritten
insert to conclude that the agreement between the parties and the language used
in the decree intended only to transfer one-sixth (1/6th) of the parties= one-half (1/2) interest
in the property, for a one-twelfth (1/12th) overall mineral interest to
Angela.  The Court signed the order
granting Travis Martin=s Motion to Sign because
it was consistent with the property division in the decree.  This one-sixth (1/6th) mineral interest
reservation was taken from the parties= one-half (1/2) interest, which was the only
portion of the 107.123 acres before the Court for division.

 

3.       Neither party suggested
that the decree was ambiguous, and the Court declined an invitation to award
Angela a greater interest than the parties owned or than the decree awarded.

 

4.       No party asked to submit
evidence at the hearing, nor did any party request findings of fact or
conclusions of law.

 








Agreed
judgments are interpreted in accordance with contract law.[2]  As the Supreme Court of Texas has explained,

We construe the decree as a whole to harmonize and give effect to the
entire decree.  If the decree is
unambiguous, the Court must adhere to the literal language used.  If the decree is ambiguous, however, the
decree is interpreted by reviewing both the decree as a whole and the
record.  Whether a divorce decree is
ambiguous is a question of law.[3]

 

Further, if a divorce decree is
ambiguous, that is, susceptible of multiple interpretations, courts should
construe it to correctly apply the law.[4]








The
Martins= divorce
decree does not describe or define the extent of the their ownership in the Aentire
107 acres in which the parties own an interest.@  The decree is therefore ambiguous.[5]  Because only the property of the divorcing
spouses is subject to division by the trial court,[6]
the trial court properly relied on the parties=
agreement Athat Angela and Travis owned at
most a one-half (1/2) interest in the surface and mineral estate of the entire
107.123 acres@ to enforce the intended division
of the parties.  That is, the trial court
properly interpreted the agreed decree, which states that Angela would retain
one-sixth (1/6) of the parties= interest
in the tract=s mineral estate, to mean that
Angela would retain one-sixth (1/6) of the parties= one-half
(1/2) interest, or one-twelfth (1/12) of the total tract=s mineral
estate.  

Angela
argues that the grammatical rules of construction and the other provisions of
the decree support her contention that the decree is unambiguous in her
favor.  But contrary to her contention,
in the entire phrase, Aa 1/6 undivided mineral interest
in the entire 107 acres in which the parties own an interest,@ the
short phrase Ain which the parties own an
interest@
restricts the prepositional object, Athe
entire 107 acres,@ limiting the one-sixth (1/6)
undivided mineral interest to only that portion of the 107 acres, in this case
one-half (1/2) of the entire tract, in which the parties own an interest.[7]  Further, the other provisions of the decree,
as presented above, support the trial court=s
interpretation.








We hold
that the trial court did not abuse its discretion by relying on the record and
the parties= agreement in court that they Aowned at
most a one-half (1/2) interest in the surface and mineral estate of the entire
107.123 acres@ to construe and enforce the
Martins= divorce
decree.  We overrule all of Angela=s issues.

Having
overruled all of Angela=s issues, we affirm the trial
court=s order
enforcing the divorce decree.

 

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

GARDNER and WALKER, JJ. concur
without opinion.

DELIVERED:  June 10, 2010











[1]See Tex. R. App. P. 47.4.





[2]Murray v. Murray, 276 S.W.3d 138, 144
(Tex. App.CFort Worth 2008, pet. dism=d).





[3]Hagen v. Hagen, 282 S.W.3d 899, 901B02 (Tex. 2009) (citations
omitted).





[4]Shanks v. Treadway, 110 S.W.3d 444, 447
(Tex. 2003).





[5]See id.





[6]See Tex. Fam. Code Ann. ' 7.001 (Vernon 2006)
(providing that A[i]n a decree of divorce .
. . , the court shall order a division of the estate of the parties in a manner
that the court deems just and right@); K.B. v. N.B., 811 S.W.2d 634, 641 (Tex.
App.CSan Antonio 1991, writ
denied) (noting that divorce courts frequently divide marital assets in which a
third party claims an interest, holding that the third-party claims Ado not deprive the court
of jurisdiction to divide among the litigants whatever interests they may
have in the property,@ and explaining that A[t]he court=s adjudication of the
issues before it does not prejudice the right of non-party third persons to be
heard later@) (emphasis added), cert.
denied, 504 U.S. 918 (1992).





[7]See Tex. L. Review, Manual on
Usage and Style ' 1.21 (11th ed. 2008)
(noting that a Arestrictive . . . phrase
limits or identifies which of several possible persons, things, or ideas the .
. . phrase refers to; it is therefore essential to the meaning of the sentence@).